■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIO DE MUIRIER, Respondent. — Order, Supreme Court, New York County (C. Berkman, J.), entered October 25, 1983, dismissing indictment, is unanimously reversed, on the law, the motion to dismiss the indictment is denied, the indictment is reinstated, and the matter remanded to the Supreme Court for further proceedings.

In our view the evidence before the Grand Jury was legally sufficient to establish, and provided reasonable cause to believe, that defendant committed the offenses charged (see CPL 190.65, subd 1).

The defendant was indicted for the crimes of scheme to defraud in the first degree (Penal Law, § 190.65) and grand larceny in the third degree (Penal Law, § 155.30). The prosecution is based on defendant's conduct with respect to a series of subtenants in a loft, who charged that defendant falsely described his loft, promised to make specific improvements so that the prospective subtenants agreed to become his roommates and paid

him three months' rent — first month, last month and security — with the understanding that the security could be returned on 30 days' notice, and that he thereafter harassed the subtenants preventing them from occupying the loft or forcing them to move out and refused to return any money to them.

With respect to the charge of grand larceny in the third degree, it is the contention of the prosecution that defendant committed larceny by false promises in not intending to engage in the conduct promised (Penal Law, § 155.05, subd 2, par [d]).

· For the most part, the charges rest on direct evidence, except of course as to defendant's intent, which is a matter that the trier of fact would have to infer. In general, the more stringent standards as to "convictions based exclusively on circumstantial evidence" do not apply where the circumstantial evidence relates to proof of only one element, particularly knowledge or intent (*People v Von Werne,* 41 NY2d 584, 590). But that standard is statutorily imposed with respect to larceny based upon a false promise (Penal Law, § 155.05, subd 2, par [d]). However, in our view the evidence satisfies that test. The Court of Appeals said with respect to the required standard of circumstantial evidence: "In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts." (*People v Wachowicz,* 22 NY2d 369, 372.)

Section 155.05 (subd 2, par [d]) of the Penal Law further provides: "In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed." In the present case, the evidence of intention not to perform the promise does not rest on the fact "alone" that such promise was not performed but also rests on the surrounding circumstances, including particularly the repetition of defendant's conduct with respect to 10 or a dozen subtenants from whom he collected some $13,000 which he never repaid, though their occupancy either never began or lasted for only a few days. Evidence of such repetitious similar criminal conduct with respect to other victims is admissible to show intent of defendant or "a common scheme or plan". (*People v Molineux,* 168 NY 264, 293.)

The People have not appealed from so much of the Trial Term's order as suppressed evidence.

Finally we note that defendant has defaulted on this appeal, presenting neither brief nor argument in opposition to this appeal. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.